JERRY PAYNE *et al.*, Plaintiffs-Appellants, v. COUNTRY MUTUAL IN-SURANCE COMPANY, Defendant-Appellee.

Fifth District   No. 5—88—0792

Opinion filed March 21, 1990.

Joseph A. Bassy, of Ripplinger & Dixon, of Belleville, for appellants.

Terry R. Black, of Campbell, Black, Carnine & Hedin, P.C., of Mt. Vernon, for appellee.

JUSTICE HARRISON delivered the opinion of the court:

Plaintiffs, Jerry Payne and Deborah Payne, appeal from the order of the circuit court of Jefferson County which dismissed with prejudice certain portions of their three-count complaint and dismissed without prejudice the remainder of the complaint against defendant, Country Mutual Insurance Company. The only issue presented for review is whether determinations made in a prior adjudication involving plaintiffs estop them from seeking recovery of insurance proceeds for the loss of personal property.

In August 1981, Jerry and Deborah Payne filed for bankruptcy under chapter VII (11 U.S.C. §701 *et seq.* (1989)), listing their personal property and claiming as exempt their clothing, household goods and furnishings and appliances. On or about December 15, 1981, fire destroyed the Paynes' residence and virtually all of their personal property. The Paynes' homeowners insurance, with Country Mutual, provided for payment of the replacement cost of the destroyed goods. The Paynes filed a claim with Country Mutual, presenting a detailed list of the personal property damaged or destroyed in the fire. An investigation conducted by Country Mutual showed the value of the personal property to be $17,389.47, $5,000 of which was paid directly to

the Paynes.

After discovering the existence of the insurance proceeds, the trustee in bankruptcy, Charles R. Wood, Jr., instituted an action seeking to make them part of the bankruptcy estate. On January 4, 1983, the United States Bankruptcy Court for the Southern District of Illinois ordered Country Mutual to pay the Paynes $1,114.29 of the remaining insurance proceeds, and to pay the balance to the trustee. The order of the bankruptcy court was affirmed by the United States District Court for the Southern District of Illinois. The United States Court of Appeals for the Seventh Circuit, in *Payne v. Wood* (7th Cir. 1985), 775 F.2d 202, *cert. denied* (1986), 475 U.S. 1085, 89 L. Ed. 2d 722, 106 S. Ct. 1466, affirmed in part and remanded with instructions for an adjustment in the amount of the proceeds awarded to the Paynes.

On March 2, 1988, the Paynes filed the instant complaint, alleging that Country Mutual had wrongfully denied coverage for the loss of personal and real property suffered by the Paynes as a result of the fire. Country Mutual filed a motion to dismiss the complaint, which alleged, in part, that collateral estoppel barred any attempt by the Paynes to recover insurance proceeds for lost personal property, and cited for support the order of the bankruptcy court and the subsequent affirmance by the court of appeals. Following a hearing on the motion, the circuit court, on December 1, 1988, issued the order herein appealed, which stated in pertinent part: "All references which involve the attempted recovery of insurance proceeds based upon the alleged loss of personal property are dismissed with prejudice on the basis of collateral estoppel."

■ The doctrine of collateral estoppel applies when a party or someone in privity with a party participates in two separate and consecutive cases arising on different causes of action and some controlling fact or question material to the determination of both causes has been adjudicated against that party in the former action by a court of competent jurisdiction. (*Housing Authority v. YMCA* (1984), 101 Ill. 2d 246, 252, 461 N.E.2d 959, 962.) Here, plaintiffs assert that collateral estoppel does not bar the present action because the question decided in the prior case—how the insurance proceeds were to be divided between the Paynes and the trustee in bankruptcy—is not the same question raised herein. Plaintiffs characterize the present action as one which "seeks to determine the Paynes' rights under the original policy of insurance as well as to determine the propriety of Country Mutual's conduct in alerting the Trustee in Bankruptcy of the existence of the proceeds." This characterization, however, finds no

basis in the facts presented by plaintiffs' pleadings.

Plaintiffs' complaint essentially alleges a contract of insurance, a fire loss, and a failure to pay. At the hearing on defendant's motion to dismiss, the following colloquy occurred between the court and plaintiffs' counsel, Joseph Bassy:

> "THE COURT: If I understood you correctly, part of your argument is that what the Defendant did in notifying the bankruptcy trustee of the funds was improper and that that is the foundation of your claim for the additional funds for personal property?
>
> MR. BASSY: Right. That's correct.
>
> THE COURT: Was that plead [sic] in your complaint some place?
>
> MR. BASSY: Yes. We have here in—well, we—basically, we don't plead that. *** [W]e discuss in *** paragraph 12 under all three counts that the Defendant [has] denied coverage under §2 of coverage D despite Plaintiffs' demand based on the expiration of 180 days from the date of insureds' loss, which expiration was precipitated by the Defendant's own conduct and breach of contract. The conduct we're referring to there is [defendant] notifying the bankruptcy trustee that there were proceeds to be made out ***.
>
> THE COURT: All right. Well [sic], probably drop this line of inquiry since I don't see much pleading behind that."

██ █ A motion to dismiss does not admit conclusions of law nor conclusions of fact unsupported by allegations of specific fact upon which such conclusions rest. (*Willis v. Ohio Casualty Co.* (1981), 101 Ill. App. 3d 1099, 1105, 428 N.E.2d 1061, 1067.) Thus, where the present suit, based on the facts well-pled, and, indeed, according to plaintiffs' brief, is one "seeking recovery of insurance proceeds for loss of personal property," and the entitlement of plaintiffs to said proceeds was the controlling question adjudicated in the former bankruptcy action, collateral estoppel applies.

██ In *Kramer v. Chicago Title & Trust Co.* (1979), 69 Ill. App. 3d 1015, 387 N.E.2d 1105, the reviewing court held that where prior litigation determined that vendors of certain real estate, and not plaintiffs who were in default, were entitled to funds deposited with escrowee, plaintiff was estopped from claiming in a later suit that escrowee, which paid sums to vendors in compliance with the previous court order, was obligated instead to pay money to plaintiff. Similarly here, the issue of who was entitled to the $12,389.47 in insurance proceeds for personal property lost in the fire was determined in the

prior bankruptcy litigation. Plaintiffs are thus bound by the bankruptcy and appeals courts' determination that the trustee was entitled to a portion of the proceeds as property of the estate. Therefore, under *Kramer*, even if plaintiffs' complaint did sufficiently articulate the issue of defendant's conduct, plaintiffs are estopped from claiming that Country Mutual, which paid the trustee in compliance with court order, was obligated instead, by the insurance contract provisions, to pay the money to plaintiffs.

For the foregoing reasons, the order of the circuit court of Jefferson County is affirmed.

Affirmed.

HOWERTON and GOLDENHERSH, JJ., concur.